UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SCOTT ALLISON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-110 RM |
| BRAD BOUGH, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

On February 23, 2005, Scott Allison submitted a civil complaint dealing with events that occurred at the Miami Correctional Facility, and a petition to proceed *in forma pauperis*. In his request to proceed *in forma pauperis,* Mr. Allison gave his address as 1109 Forest Dr., Kokomo, Indiana, and stated that:

> (2) Being that Plaintiff is no longer incarcerated, Plaintiff is no longer a "prisoner" as defined under 28 U.S.C. § 1915(h).
>
> (3) Thus, the Prison Litigation Reform Act (PLRA) does not apply to plaintiff.

In his affidavit in support of request for leave to proceed *in forma pauperis*, Mr. Allison declared "under penalty of perjury" that:

> (2) At the time of the alleged civil rights violations raised in my 42 U.S.C. § 1983 prisoner complaint, I was incarcerated at Miami Correctional Facility, Bunker Hill, Indiana.
>
> (3) I am no longer incarcerated at said facility or any facility within the Indiana Department of Correction.
>
> (4) I was released from incarceration during the Week of February 20, 2005.

For purposes of the PLRA, the court must determine the plaintiff's status

on the date the suit or appeal is "brought." Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996). Because Mr. Allison stated under oath that he brought his suit after his release, this court entered an order granting Mr. Allison leave to proceed as a nonprisoner, and did not screen the complaint pursuant to 28 U.S.C. § 1915A.

Attorneys appeared for the defendants and moved to enlarge the time within which they were required to respond to the complaint. The copy of an order granting additional time to respond to the complaint sent to Mr. Allison was returned as undeliverable and on April 28, 2005, the court dismissed this case without prejudice for failure to prosecute. The copy of the dismissal order sent to Mr. Allison also was returned as undeliverable.

On September 2, Mr. Allison submitted a notice of change of address, stating that he now lives in Westfield, Indiana, and a verified motion to reinstate this case. In his verified motion to reinstate case, Mr. Allison states:

> 1. Plaintiff's *Prisoner Complaint* was filed with this court on the 11th of March, 2005, while Plaintiff was incarcerated at Miami Correctional Facility (MCF), Bunker Hill, Indiana.
> 2. On the 27th of March, 2005, Miami Correctional Facility (MCF) officials processed and (sic) Plaintiff's release from MCF and informed Plaintiff that **all** of his incoming mail would be forwarded to the home address Plaintiff gave officials.
>
> 3. Plaintiff put his home address on his *Process Receipt and Return* forms which the U.S. Marshals Service served on the Defendants on March 17th, 2005, and returned a copy to each Defendants' *Process Receipt and Return* form to Plaintiff at his home address.

Verified motion to reinstate case at pp. 1-2. (emphasis in original).

Mr. Allison has submitted two contradictory statements under oath. In his first submission — when it would have been to his advantage to be considered a

2

nonprisoner to avoid the filing fee requirements of 28 U.S.C. § 1915(b) — he stated that he was released from custody in February 2005, before he brought his complaint. In his most recent submission he states that he was released from custody on March 27, 2005, more than a month after he brought his complaint. The Indiana Department of Correction website states that Mr. Allison's "earliest possible release date" was March 27, 2005, which suggests that his most recent sworn statement is correct.

If Mr. Allison was a prisoner when he brought this complaint, pursuant to Abdul-Wadood v. Nathan, the court should have treated him a prisoner when dealing with his petition to proceed *in forma pauperis*. Unlike nonprisoner paupers, prisoners must pay the filing fee in full. 28 U.S.C. § 1915(b). Moreover, U.S.C. § 1915A requires that prisoner complaints be screened.

Mr. Allison has submitted contradictory information about whether he was a prisoner when he brought this case. The Indiana Attorney General has entered an appearance in this case for Indiana Department of Correction officials, and Indiana Department of Correction records would conclusively establish Mr. Allison's actual release date.

For the foregoing reasons, the court ORDERS the defendants represented by the Indiana Attorney General, on or before December 21, 2005, to submit documentation from the Indiana Department of Correction establishing the date Scott Allison IDOC #980337was released from custody.

SO ORDERED.

ENTERED: November 28 , 2005

                 /s/ Robert L. Miller, Jr.  
                Chief Judge  
                United States District Court