UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT ALLISON,                )
                              )
     Plaintiff           )
                              )
    v.                       )   CAUSE NO. 3:05-CV-110 RM
                              )
BRAD BOUGH, *et al.*,         )
                              )
     Defendants          )

## OPINION AND ORDER

On February 23, 2005, Scott Allison submitted a civil complaint dealing with events that occurred at the Miami Correctional Facility, and a petition to proceed *in forma pauperis*. In his request to proceed *in forma pauperis,* Mr. Allison gave his address as 1109 Forest Dr., Kokomo, Indiana, and stated that:

> (2) Being that Plaintiff is no longer incarcerated, Plaintiff is no longer a "prisoner" as defined under 28 U.S.C. § 1915(h).
>
> (3) Thus, the Prison Litigation Reform Act (PLRA) does not apply to plaintiff.

In his affidavit in support of request for leave to proceed *in forma pauperis*, Mr. Allison declared "under penalty of perjury" that:

> (2) At the time of the alleged civil rights violations raised in my 42 U.S.C. § 1983 prisoner complaint, I was incarcerated at Miami Correctional Facility, Bunker Hill, Indiana.
>
> (3) I am no longer incarcerated at said facility or any facility within the Indiana Department of Correction.
>
> (4) I was released from incarceration during the Week of February 20, 2005.

For purposes of the PLRA, the court must determine the plaintiff's status

on the date the suit or appeal is "brought." Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996). Because Mr. Allison stated under oath that he brought his suit after his release, this court entered an order granting him leave to proceed as a nonprisoner, and did not screen the complaint pursuant to 28 U.S.C. § 1915A.

Attorneys entered appearances for the defendants and moved to enlarge the time within which they were required to respond to the complaint. The copy of an order granting additional time to respond to the complaint sent to Mr. Allison was returned as undeliverable and on April 28, 2005, the court dismissed the case without prejudice for failure to prosecute. The copy of the dismissal order sent to Mr. Allison was also returned as undeliverable.

On September 2, 2005, Mr. Allison submitted a notice of change of address, stating that he now lives in Westfield, Indiana, and a verified motion to reinstate this case. In his verified motion to reinstate case, Mr. Allison states:

> 1. Plaintiff's *Prisoner Complaint* was filed with this court on the 11th of March, 2005, while Plaintiff was incarcerated at Miami Correctional Facility (MCF), Bunker Hill, Indiana.
>
> 2. On the 27th of March, 2005, Miami Correctional Facility (MCF) officials processed and (sic) Plaintiff's release from MCF and informed Plaintiff that **all** of his incoming mail would be forwarded to the home address Plaintiff gave officials.
>
> 3. Plaintiff put his home address on his *Process Receipt and Return* forms which the U.S. Marshals Service served on the Defendants on March 17th, 2005, and returned a copy to each Defendants' *Process Receipt and Return* form to Plaintiff at his home address.

Verified motion to reinstate case at pp. 1-2. (emphasis in original).

Mr. Allison has submitted two contradictory statements under oath. In his first submission — when it would have been to his advantage to be considered a

2

nonprisoner to avoid the filing fee requirements of 28 U.S.C. § 1915(b) — he stated that he was released from custody in February 2005, before he brought his complaint. In his most recent submission he states that he was released from custody on March 27, 2005, more than a month after he brought his complaint.

To resolve this dispute, the court ordered the defendants represented by the Indiana Attorney General to submit official Indiana Department of Correction documents establishing the date Mr. Allison was released from custody. The State defendants have now submitted documentation establishing that Mr. Allison was at the Miami County Correctional Facility until March 27, 2005, when he was released on parole. Accordingly, Mr. Allison was a prisoner when he brought this complaint.

Because Mr. Allison was a prisoner when he brought this complaint, pursuant to Abdul-Wadood v. Nathan, the court should have treated Mr. Allison as a prisoner when dealing with his petition to proceed *in forma pauperis*. Therefore, the court will vacate the order granting Mr. Allison leave to proceed as a nonprisoner pauper and will enter an order pursuant to 28 U.S.C. § 1915(b) granting him leave to proceed *in forma pauperis* as a prisoner. A prisoner must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Because Mr. Allison has now really been released from custody, however, he has no institutional account from which the initial partial filing fee or installment payments can be taken.

For the foregoing reasons, the court:

  1. VACATES the order of March 11, 2005, granting the plaintiff leave to proceed *in forma pauperis* as a nonprisoner;

  2. GRANTS the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b); and

  3. ADVISES the plaintiff that he is responsible for paying the $250.00 filing fee in full.

SO ORDERED.

ENTERED: December 9, 2005

          /s/ Robert L. Miller, Jr.
          Chief Judge
          United States District Court